DECISION
A case management conference was held July 28, 2009. Wendy C. Wood participated on Plaintiffs' behalf. Heidi Stout and Charles Gross appeared for Defendant. Subsequently, written submissions were filed; the record closed October 12, 2009.
At issue are certain penalties, interest and warrant fees imposed for not timely filing personal property returns for several tax years for property identified as Account P514030. The Complaint cites only the tax year "2002." Plaintiffs seek cancellation of those additional amounts; they do not contest the personal property tax amount imposed for each year.
 I. STATEMENT OF FACTS
Plaintiffs have a trucking business. For the periods at issue, several personal property returns were not filed by Plaintiff through 2008-09. Plaintiffs claim they were unaware of the need to file, were not notified of the requirement earlier by Defendant, and did not receive any blank reporting forms in the mail for the several years at issue.
Defendant made appropriate assessments each year given the absence of returns submitted by Plaintiffs. The annual taxes became delinquent; warrant fees were later charged. *Page 2 
 II. ANALYSIS
ORS 308.290(1)(a)[1] requires a business to file a personal property tax return by March 1. The statute goes on to state that, if a party fails to file a return by the March 1 deadline, it "shall be * * * subject to the provisions of ORS 308.296." ORS 308.290(1)(a).
ORS 308.296(1) states that any person or company responsible for filing a personal property return who or which has not done so "shall be subject to a penalty as provided in this section." The penalty is graduated based on when the taxpayer files its return. ORS 308.296(4), the provision applicable here, states:
 "After August 1, a taxpayer who files a return to which this section applies or who fails to file a return shall be subject to a penalty equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer."
Plaintiffs admittedly did not file their returns before August 1 of some of those tax years. Pursuant to the statute, they are responsible for a 50 percent penalty. Plaintiffs claim, however, they should be excused from the penalty because of circumstances beyond their immediate control.
Any appeal of the late filing penalties should have been submitted each year to the Lincoln County Board of Property Tax Appeals. ORS 308.296(6). That was not done. The warrant fees and interest charges are legally permissible fees arising from the failure to timely file.
In this case, the failure to file is rooted in the admission that Plaintiffs were unaware of the statutory requirement. It is immaterial that a blank personal property return was not received in the mail. That specifically does not constitute a valid reason to compromise the statutory penalty. ORS 308.290(2)(c). Under those facts, there is no error or omission by Defendant. *Page 3 
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this _____ day of December 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on December11, 2009. The Court filed and entered this document on December 11,2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1